Micklethwaite *vs.* Rhodes and others.

Where the plaintiff, within five days after the time for replying had elapsed, served a replication upon the defendant, who refused to receive the same, in a case where the bill and the answer had both been sworn to, and they differed from each other very materially; and the delay in serving the replication had been accounted for; *Held* that it was a case in which a replication was necessary, to enable the court to ascertain the facts; and leave to file the same was granted.

The rules of the court ought not to be used for purposes of oppression, or in order to bring about a determination of the case upon technicalities, at the expense of the substantial merits.

In Equity.   *Charles Edwards,* for the plaintiff, on an affidavit showing that within five days after the time for replying had elapsed, he had served a replication upon the defendant's solicitor, who refused to receive it—now moved for leave to file a replication.

*H. W. Griffith,* for the defendant, insisted that it was not a matter of course to permit the filing of a replication, after the time limited by the rules of the court had expired. The court must be satisfied that the plaintiff will probably be injured if he is not allowed to file a replication. He cited *The Sea Ins. Co.* v. *Day,* (9 *Paige,* 247.)

Edmonds, J.   The case of *The Sea Ins. Co.* v. *Day* was one where the plaintiffs had been guilty of very gross negligence; thirteen months having gone by before an application to file a replication was made. In the present case there has been no unreasonable delay; and what delay there was has been accounted for. And the suit having been commenced in good faith, the defendant should not seek, by a mere technicality, to deprive the plaintiff of the opportunity to establish the justice of his claim, by proof. The bill having been sworn to, and the answer being also put in under oath, and they differing very materially from each other, it is necessary a replication should be filed, to enable the court to ascertain the facts. The

rules which fix the time within which various acts are to be done during the progress of a cause were framed with a view of facilitating that progress, and ought not to be used for purposes of oppression; or in order to bring about a determination of the case upon technicalities, at the expense of the substantial merits. In this case the replication ought to have been received, when it was tendered. And there was no sufficient reason for driving the plaintiff to a motion. The motion must therefore be granted, without costs.

